IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD SANTOS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-0192-D |
| | § | |
| DAVID BERKEBILE, Warden, | § | |
| FCI-Seagoville | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Richard Santos, a federal prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be dismissed in part and denied in part.

I.

In 2005, petitioner was convicted of theft of government property and sentenced to 70 months confinement. His projected release date is November 7, 2009.[1] Although he is not scheduled for release for another 18 months, petitioner believes that he is eligible for placement in a halfway house or Community Corrections Center ("CCC"). Under regulations promulgated by the Bureau of Prisons ("BOP"), only inmates who are serving the final 10% of their term of imprisonment, not to exceed six months, are eligible for CCC placement. One regulation, 28 C.F.R. § 570.20, provides, in pertinent part:

> This subpart provides the Bureau of Prisons' (Bureau) categorical exercise of discretion for designating inmates to community

---

[1] This projected release date assumes that petitioner receives all available good conduct time credits.

confinement. The Bureau designates inmates to community confinement only as part of pre-release custody and programming which will afford the prisoner a reasonable opportunity to adjust to and prepare for re-entry into the community.

Another regulation, 28 C.F.R. § 570.21, addresses the timing of CCC designations:

> (a) The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months.
>
> (b) We may exceed these time-frames only when specific Bureau programs allow greater periods of community confinement, as provided by separate statutory authority (for example, residential substance abuse treatment program . . ., or shock incarceration program . . .).

However, contrary to the regulations giving the BOP categorical discretion in making CCC placement decisions, 18 U.S.C. § 3621(b) requires prison authorities to consider five specific factors in designating a place of imprisonment. Those factors are:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence--
>
> > (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> >
> > (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). By this suit, petitioner asks the court to invalidate the BOP regulations that are contrary to the statute and to order respondent to make a good faith determination as to whether

he should be placed in a halfway house or CCC considering the factors set forth in 18 U.S.C. § 3621(b).[2]

II.

In his response to petitioner's writ, respondent argues that this case is not ripe for adjudication. Article III of the United States Constitution confines federal courts to deciding "cases and controversies." *Shields v. Norton*, 289 F.3d 832, 834-35 (5th Cir.), *cert. denied*, 123 S.Ct. 663 (2002). A case or controversy must be ripe for decision; that is, it must not be premature or speculative. *Id.* "Ripeness" is a constitutional prerequisite to the exercise of federal jurisdiction. *Id.*; *see also Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-49, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967).

Although petitioner contends that the BOP relied on 28 C.F.R. §§ 570.20 and 570.21 to categorically deny him placement in a halfway house or CCC, the evidence submitted by respondent shows that petitioner is not yet eligible for such placement under the criteria established by Program Statement 7310.04 ("PS 7310.04"). Section 8 of PS 7310.04, under the heading "Release Plan," provides, in pertinent part:

---

[2] With one exception, every judge in this district who has considered the issue has held that the BOP may not categorically limit its ability to consider the factors established by Congress for making placement and transfer determinations, including placement in a halfway house or CCC. *See Mihailovich v. Berkebile*, No. 3-06-CV-1603-N, 2007 WL 942091 (N.D. Tex. Mar. 28, 2007); *Briggs v. Van Buren*, No. 4-06-CV-800-Y, 2007 WL 3019238 (N.D. Tex. Oct. 16, 2007); *Grote v. Berkebile*, No. 3-07-CV-863-B, 2007 WL 4302933 (N.D. Tex. Dec. 5, 2007); *Bunch v. Berkebile*, No. 3-07-CV-0719-B, 2008 WL 323153 (N.D. Tex. Feb. 6, 2008); *Crawford v. Berkebile*, No. 3-07-CV-0791-B, 2008 WL 323155 (N.D. Tex. Feb. 6, 2008), *app. docketed*, No. 08-10312 (Apr. 4, 2008); *Archibald v. Berkebile*, No. 3-07-CV-1672-K, 2008 WL 540699 (N.D. Tex. Feb. 24, 2008); *Griffin v. Berkebile*, No. 3-07-CV-0730-B, 2008 WL 623343 (N.D. Tex. Mar. 5, 2008); *Richardson v. Berkebile*, No. 3-07-CV-0732-B, 2008 WL 623348 (N.D. Tex. Mar. 5, 2008); *Monigold v. Berkebile*, No. 3-07-CV-0750-B, 2008 WL 623350 (N.D. Tex. Mar. 5, 2008); *Flores v. Berkebile*, No. 3-07-CV-0778-B, 2008 WL 623385 (N.D. Tex. Mar. 5, 2008); *Maldonado v. Berkebile*, No. 3-07-CV-0779-B, 2008 WL 623388 (N.D. Tex. Mar. 5, 2008); *Philippi v. Berkebile*, No. 3-07-CV-0786-B, 2008 WL 623390 (N.D. Tex. Mar. 5, 2008); *Miller v. Berkebile*, No. 3-07-CV-0712-B, 2008 WL 635552 (N.D. Tex. Mar. 10, 2008), *app. docketed*, No. 08-10324 (Apr. 9, 2008); *Cadotte v. Berkebile*, No. 3-07-CV-0799-B (N.D. Tex. Mar. 5, 2008); *but see Tischendorf v. Van Buren*, No. 4-07-CV-0273-A, 526 F.Supp.2d 606 (N.D. Tex. 2007), *appeal docketed*, No. 07-11262 (Dec. 11, 2007) (disagreeing with prior holdings in *Mihailovich* and *Briggs*).

> A final and specific release preparation plan, including a decision as to CCC referral, is normally established at a team meeting no later than 11 to 13 months before an inmate's projected release date.

PS 7310.04, § 8(c) (Dec. 16, 1998). Section 12 of the program statement, under the heading "CCC Referral Procedures," provides:

> Normally 11 to 13 months before each inmate's probable release date, the unit team shall decide whether to refer an inmate to a Community Corrections program.

*Id.*, § 12. On February 5, 2008, the date petitioner filed his application for writ of habeas corpus, his projected release date was more than 21 months away. As of today, petitioner is not scheduled for release for another 18 months. Under these circumstances, petitioner's claims involving the validity of 28 C.F.R. §§ 570.20 and 570.21 are not ripe for review. *Cotton v. Tamez*, No. 4-07-CV-701-A, 2008 WL 495843 at *3 (N.D. Tex. Feb. 19, 2008) (holding that claims brought by federal prisoner challenging the validity of sections 570.20 and 570.21, brought more than 13 months before his projected release, were not ripe for review in light of PS 7310.04). *See also Derobles v. Smith*, No. 1-06-CV-01804, 2008 WL 552433 at *1 (E.D. Cal. Feb. 27, 2008); *Sanders v. Sanders*, No. 2-06-CV-00025-HDY, 2006 WL 751281 at *4 (E.D. Ark. Mar. 21, 2006); *Rivera v. Willingham*, No. 3-06-CV-315-SRU, 2006 WL 2038359 at *5 (D. Conn. Jul. 18, 2006).[3]

### III.

Petitioner also argues that PS 7320.01, which concerns home confinement, and PS 7310.04, which concerns CCC placement, are invalid for the same reasons as 28 C.F.R. §§ 570.20 and 570.21. Home confinement is not a "place of imprisonment" and, therefore, does not implicate 18 U.S.C.

---

[3] The court notes that the Second Chance Act of 2007, Pub. L. No. 110-199 (Apr. 9, 2008), likely will render moot any subsequent challenge to the validity of 28 C.F.R. §§ 570.20 and 570.21. This new law, which amends 18 U.S.C. § 3624(c)(1), increases the maximum allowable time frame for pre-release CCC placement to 12 months and requires the BOP to make placement decisions on an individual basis consistent with the criteria set forth in the statute.

§ 3621(b). *See Grote v. Berkebile*, No. 3-07-CV-863-B, 2007 WL 4302933 at *7 (N.D. Tex. Dec. 5, 2007). Although CCC placement is considered a "place of imprisonment" under the statute, *see Mihailovich v. Berkebile,* No. 3-06-CV-1603-N, 2007 WL 942091 at *7-8 (N.D. Tex. Mar. 28, 2007), PS 7310.04 is not derivative of 28 C.F.R. §§ 570.20 and 570.21, and does not "improperly limit the discretion of the BOP to make a [CCC] placement in any individual case or otherwise 'circumvent' the BOP's other regulations." *Grote*, 2007 WL 4302933 at *8, *quoting Leon-Rivera v. Smith*, No. 1-07-CV-00823-OWW, 2007 WL 2900222 at *3 (E.D. Cal. Oct. 4, 2007), *rec. adopted*, 2007 WL 3293356 (E.D. Cal. Nov. 6, 2007). Consequently, there is no basis for invalidating PS 7320.01 and 7310.04 or any *de facto* policy arising therefrom.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed in part and denied in part. The claims seeking to invalidate 28 C.F.R. §§ 570.20 and 570.21 should be dismissed for lack of subject matter jurisdiction. The claims seeking to invalidate PS 7320.01 and 7310.04 should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 6, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE